```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **CIVIC CENTER SITE DEVELOPMENT, LLC,** **D/B/A HOLIDAY INN DOWNTOWN SUPERDOME** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1071** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON (CONSORTIUM #9226), ET AL.** | **SECTION "B"(2)** |

## ORDER & REASONS

Considering defendants Independent Specialty Insurance Company, Interstate Fire and Casualty Company and Certain Underwriters at Lloyd's, London (Consortium #9226)'s motion for extension of time to file responsive pleadings (Rec. Doc. 11) and plaintiff Civic Center Site Development, LLC d/b/a Holiday Inn Downtown Superdome's partial opposition (Rec. Doc. 14),

**IT IS ORDERED** that the motion for extension of time to file an answer to the complaint is **GRANTED**.[1] Defendants shall file their answer to the complaint **no later than Monday, May 22, 2023 at 5:00 P.M.** pursuant to LR 7.8.

Next, the Court addresses plaintiff's opposition. Rec. Doc. 14. As a threshold matter, plaintiff does not oppose an extension to file responsive pleadings to plaintiff's complaint. *Id.* at 4. However, plaintiff does oppose an extension to the pending motion for summary judgment. Rec. Doc. 10. Specifically, plaintiff

---

[1] Plaintiff's opposition admits a routine extension of twenty-one (21) days is allowed pursuant to LR 7.8. Rec. Doc. 14 at 1.

1

contends: (1) LR 7.8 is not applicable to extensions of responses/oppositions to motions for summary judgment; (2) defendants offer no explanation for why they failed to timely file an opposition due to "excusable neglect" as required by Fed. R. Civ. P 6(b); and (3) because counsel for defendants, Rebecca J. Mansell, told counsel that Defendant Insurers did not file an opposition to the motion because there was no basis for such an opposition, as they paid the principal amount of the arbitration award in full. Rec. Doc. 14 at 2.

Although the Fifth Circuit has affirmed district court decisions to reject extensions to oppositions to motions for summary judgment, the appellate court generally affirmed those decisions after the district court permitted at least two extensions. *See Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161–62 (5th Cir. 2006) (finding the district court did not abuse its discretion by refusing to apply an untimely response because after two extensions, the nonmovant "had ample time to comply with the extended deadline"); *see also Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (per curiam) (no abuse of discretion in denying a motion to allow an untimely opposition to summary judgment where the court had granted three prior extensions of time); *Vasudevan v. Administrators of Tulane Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017) (no abuse of discretion because the

district court granted prior extensions for a response to the motion for summary judgment).

It is concerning that defendant's motion is titled "ex parte motion for extension of time to file answer to first amended, supplemental, and restated complaint," but also requests for an additional extension of the opposition only in the body of the motion (Rec. Doc. 11), not to mention plaintiff's above-noted arguments. However, under binding Fifth Circuit authority, it would be an abuse of discretion and a waste of judicial resources to refuse this requested extension, particularly considering the complaint was filed on March 27, 2023 and the motion for extension of time (Rec. Doc. 11) was defendants' first appearance in the above-captioned matter. Accordingly,

**IT IF FURTHER ORDERED** that defendants' contested motion for extension of time to file an answer to plaintiffs' motion for summary judgment is **GRANTED**. Defendants shall file an opposition to the motion for partial summary judgment (Rec. Doc. 10) **no later than Wednesday, May 31, 2023 at 5:00 P.M. Defendants are forewarned that additional motions to continue the submission date, without a specific motion to that end and/or an appropriate demonstration of excusable neglect, will not be treated so favorably.**

New Orleans, Louisiana this 15th day of May, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE