UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CIVIC CENTER SITE DEVELOPMENT, LLC d/b/a HOLIDAY INN DOWNTOWN SUPERDOME | * * * | CIVIL ACTION NO. 23-1071 |
| VERSUS | * | SECTION "B" (2) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON (CONSORTIUM #9226), ET AL. | * * | |

## ORDER AND REASONS

Pending before me is Plaintiff Civic Center Site Development, LLC d/b/a Holiday Inn Downtown Superdome's Motion to Compel. ECF No. 47. Defendants Certain Underwriters at Lloyd's (Consortium #9226), Independent Specialty Insurance Company, and Interstate Fire & Casualty Company (collectively, "Defendants") timely filed an Opposition Memorandum. ECF No. 52. Plaintiff sought leave and filed a Reply Memorandum. ECF Nos. 56-58. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff Civic Center Site Development, LLC's Motion to Compel is GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART for the reasons stated herein.

### I. BACKGROUND

Plaintiff brought claims for Hurricane Ida damages as well as extra-contractual penalties in Civil Action No. 22-2036. Defendants moved to compel arbitration in that case, and Plaintiff voluntarily dismissed the case without prejudice. *See* ECF Nos. 1, 11 & 17 in Civil Action No. 22-2036. After arbitration, Plaintiff filed this suit to confirm the award and to recover extracontractual damages, which Plaintiff alleges were reserved before arbitrating the contract

1

claims. ECF No. 1 ¶¶ 24, 25. Shortly thereafter, it filed a Motion for Partial Summary Judgment. ECF No. 10. The partial summary judgment motion is under submission with the district judge after extensive briefing by the parties. ECF Nos. 10-3, 20, 25, 30, 37, 42, 43, 46, 51, 55.

On June 23, 2023, Plaintiff issued discovery requests to Defendants. After an extension, Defendants delivered responses and a privilege log on August 7, 2023. ECF No. 47-3, 47-4, 47-5, 47-6. Plaintiff now seeks more responsive answers with regard to Interrogatory No. 1 (seeking the name of every person authorized to make decisions regarding the handling or processing of Plaintiff's Hurricane Ida claim) and No. 2 (damage reserves and changes from August 29, 2021 – March 22, 2023). It also seeks additional responses to Request for Production No. 1 (unredacted claims file), No. 2 (unredacted Sedgwick claim report), No. 3 (unredacted claims updates, evaluations or reports from August 29, 2021 – March 21, 2023), No. 5 (all communications with other defendant insurers regarding plaintiff's claim), No. 6 (all communications with Segdwick or CCMS regarding plaintiff's claim), No. 7 (all communications with Velocity Risk Underwriters regarding plaintiff's claim), No. 8 (any coverage opinions regarding plaintiff's claim), and No. 9 (complete copy of claims file) from August 29, 2021 – March 22, 2023).

The parties agree that the motion can be divided into four categories:

(1) Incomplete responses to Interrogatory Nos. 1 and 2 and Request for Production No. 8.
(2) Claims notes and reports after October 12, 2022 that were neither produced nor logged in response to Request for Production Nos. 1, 2, 3, and 9.
(3) Communications with Third-Party Administrator Sedgwick that were neither produced nor logged in response to Requests for Production Nos. 5, 6, and 7.
(4) Any portion of the claim file after October 2022, that would provide any justification or reasoning for the refusal to pay the claim, in response to Interrogatory No. 2 and Requests for Production Nos. 1, 3, 5, 6, 7, 8, and 9). [1]

---

[1] *Compare* ECF No. 52-1 at 1-2 *with* ECF No. 58 at 2.

Defendants oppose the motion, arguing that they produced 4500 pages of documents in response to the request (including the claim file notes from Sedgewick), "reserved the right to supplement their responses," and they reasonably anticipated litigation by June 8, 2022. ECF No. 52-1 at 2; No. 52-2 (June 8, 2022 letter of representation). Defendants contend they properly delivered a privilege log invoking work product, the blanket production of a claims file is improper, and Plaintiff does not make the necessary showing of hardship or prejudice to justify production of work product documents. ECF No. 52-1 at 3-7. Defendants also argue the motion is premature because they reserved the right to supplement and plan to do so within 30 days. *Id.* at 8-9. Alternatively, Defendants ask for *in camera* inspection. *Id.* at 9.

In Reply, Plaintiffs argue that Defendants may not rely on attorney-client privilege or work product to protect documents not identified on any privilege log and the repeated "reservation of the right to supplement" suggests a need to supplement. ECF No. 58 at 2-4. Plaintiff also argues that Louisiana rules on discovery/privilege applicable to claim files does not apply in this federal proceeding, federal courts regularly order production of relevant portions of claim files, and Defendants waived any proportionality objection by not timely asserting same. *Id.* at 4-5.

## II.   APPLICABLE LAW AND ANALYSIS

### A.  The Motion to Compel is Not Premature

Initially, the Court rejects Defendants' argument that their "reservation of the right to supplement" renders the motion to compel moot. Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive

information reasonably available and provide the responsive, relevant facts reasonably available.[2] Likewise, a party responding to Requests for Production must produce responsive documents within that party's actual or constructive possession, custody or control, which production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[3]

Defendants' response "misapprehends Fed. R. Civ. P. 26(e), which imposes an obligation to supplement, not a discretionary right, and indicates that defendant[s] may well have additional responsive information or materials that [they have] not yet located or provided."[4] Further, the duty to supplement is not "intended to provide an extension of the deadline by which a party must deliver" its information.[5] Rather, the basic purpose of this rule is to prevent prejudice and surprise.[6] Accordingly, the "reservation" of the right to supplement does not excuse untimely discovery responses.

### B. The Requirement for a Privilege Log

Proper substantiation of a privilege objection imposes an evidentiary burden,[7] and the party asserting the objection must prove that each document it has withheld is privileged, and it cannot

---

[2] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[3] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[4] *Berenson v. Adm'r s of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012) (overruling prematurity objection, finding the responses failed to comply with Rule 34(b)(2)(B) because they did not make clear that all non-privileged responsive materials in the party's possession, custody or control have been produced, and noting that Rule 26(e)(1) imposes an obligation, not a right, to supplement).
[5] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent the deadlines imposed by Rule 26(a) or the court's scheduling order).
[6] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).
[7] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citation omitted) (recognizing that the party asserting privilege bears the burden of proof sufficient to substantiate its claims); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

rely merely on a blanket assertion of privilege.[8]  A party withholding information by claiming work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim."  FED. R. CIV. P. 26(b)(5) (emphasis added).  The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.

The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[9]  It "should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is immune from discovery."[10]  The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[11]  Satisfying Rule 26(b)(5)'s requirements as to each withheld document or communication may also require affidavits or declarations to establish that the items or categories withheld and the reason for same,

---

[8] *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *3 (E.D. La. Jan. 12, 2015) (citing *In re Equal Emp't Opportunity Comm'n*, 207 F. App'x 426, 431 (5th Cir. 2006); *Woodard v. Andrus*, No. 2:03–2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citing *High Tech Commc'ns, Inc. v. Panasonic Co.*, No. 94–1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (citing *Hodges*, 768 F.2d at 721; *In re Shell Oil Ref.*, 812 F. Supp. 658, 661 (E.D. La. 1993)))).
[9] *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).
[10] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (quoting *Jones v. Hamilton County Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D. Ind. 2003) and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).
[11] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges,* 768 F.2d 719, 721.

with enough information for the requesting party to assess and the court to determine whether the withheld documents or information are privileged or are work product.[12]

When faced with an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[13]  Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, and only find waiver for flagrant or willful failures.[14]

Conducting an *in camera* review is not appropriate merely because a party requests the court undertake the endeavor.[15]  *In camera* review is "not to be used as a substitute for a party's obligation to justify its withholding of documents" and it "should not replace the effective adversarial testing of the claimed privileges and protections."[16]  The Court should not undertake a review of numerous withheld documents without any meaningful justification.[17]  Only when there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege must

---

[12] *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (citing *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004)).
[13] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-00684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (citing *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).
[14] *RPM Pizza, LLC*, 2014 WL 12660120, at *4 (citing *United States v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).
[15] *Jolivet.*, 340 F.R.D. at 21 (citations omitted).
[16] *Blackmon v. Bracken Constr. Co., Inc.*, No. 18-142, 2020 WL 6731113, at *5 (M.D. La. Nov. 16, 2020) (citing *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994)).
[17] *See United States v. Zolin*, 491 U.S. 554, 571 (1989) ("[W]e cannot ignore the burdens in camera review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties."); *Smith v. Shelter Mut. Ins. Co.*, No. 15-357, 2018 WL 1278429, at *2 (M.D. La. Mar. 12, 2018) (refusing to review 139 withheld documents as it "would constitute a great and unnecessary expenditure of judicial resources").

the court utilize its discretion to determine whether *in camera* review is appropriate under the circumstances presented.[18]

### C. Governing Law

Although the Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure, govern litigation in federal courts, under Rule 501 of the Federal Rules of Evidence, state law governs privilege issues in a civil case for which state law supplies the rule of decision. FED. R. EVID. 501. Thus, Louisiana law governs any objection based on the attorney-client privilege. Work product, however, is not privilege within the meaning of Rule 501; therefore, work product issues are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, regardless of whether Louisiana law supplies the rules for decision of the underlying claim or defense.[19]

### D. The Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>   (i) they are otherwise discoverable under Rule 26(b)(1); and

---

[18] *Jolivet*, 340 F.R.D. at 21 (quoting *Jani-King*, 2015 WL 12916409, at *1; *accord BDO*, 876 F.3d at 697 n.4 ("Given the serious nature of Bower's allegations through her affidavit and the lack of a countering affidavit from the party claiming privilege, we note that in camera review will likely be necessary."); *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 721 (5th Cir. 2011)).

[19] *LeBlanc v. Texas Brine Co.*, LLC, No. 12-2059, 2019 WL 5265063, at *3 (E.D. La. Oct. 17, 2019) (citing *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *see also* 6 MOORE'S FEDERAL PRACTICE § 26.70[7] (Matthew Bender 3d ed.) (work-product doctrine is governed by the federal standard, even in diversity cases)); *see also Jolivet*, 340 F.R.D. at 17 (stating that the work product issue is governed by federal law) (citing *Zenith Ins. Co. v. Texas Institute for Surgery, L.L.P.*, 328 F.R.D. 153, 162 (N.D. Tex. 2018)).

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3). Thus work-product doctrine thus shields from discovery the materials prepared by or for an attorney in preparation for litigation.[20]

Work product is not, however, "an umbrella that shades all materials prepared by a lawyer . . . ."[21] It focuses only on materials assembled and brought into being in anticipation of litigation.[22] Excluded from the work product doctrine are materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation.[23] If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation.[24] Likewise, the work product doctrine does not protect underlying facts relevant to litigation.[25]

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[26]

---

[20] *Hickman v. Taylor*, 329 U.S. 495 (1947); *Blockbuster Ent. Corp. v. McComb Video, In*c., 145 F.R.D. 402, 403 (M.D. La. 1992).
[21] *El Paso*, 682 F.2d at 542; *see also Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825 at *2 (E.D. La. Aug. 11, 2000).
[22] *Piatkowski*, 2000 WL 1145825 at *2.
[23] *El Paso*, 682 F.2d at 542; *Guzzino*, 174 F.R.D. at 62 (quoting *El Paso*, 682 F.3d at 542 (citing FED. R. CIV. P. 26(b)(3) advisory committee notes)); *accord* 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 (3d ed. 2010); *see also Hill Tower Inc. v. Dep't of Navy*, 718 F. Supp. 562, 565 (N.D. Tex. 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citation omitted).
[24] *Global Oil Tools, Inc. v. Barnhill*, 12-1507, 2013 WL 1344622, at *6 (citing *S. Scrap Mat'l Co. v. Fleming*, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003); *Piatkowski*, 2000 WL 1145825, at *1; *see also Brown v. Performance Energy Servs., LLC*, No. 08-852, 2009 WL 10679000, at *1 (E.D. La. Jan. 12, 2009) (holding that claims file documents filed before receipt of letter from plaintiff's attorney were prepared in the ordinary course of the insurer's business of conducting, investigating and evaluating claims against its policies, and thus not protected by the work-product doctrine) (citations omitted).
[25] *See generally Upjohn Co. v. U.S.*, 449 U.S. 383, 385-96 (1981).
[26] *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. Unit A), *cert. denied*, 454 U.S. 862 (1981) (citations omitted) (emphasis added); *accord In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919 (2001).

1. **<u>Defendants Failed to Provide Evidence Necessary to Establish Work Product</u>**

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[27] Mere proximity in time between the subject incident, the taking of the statement and the commencement of litigation – while a factor to be considered – is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[28] On the other hand, "[t]he mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ."[29] Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'"[30] Thus, "[t]he law is settled that 'excluded

---

[27] *Houston Cas. Co. v. Supreme Towing Co.*, No. 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (citation omitted). Mere proximity in time–while a factor to be considered–is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (citing *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000)) (internal quotation omitted). On the other hand, "[t]he mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ." *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 19 F.3d 1432, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)). Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting *In re Kaiser Alum.*, 214 F.3d at 593) (emphasis added), *rev'd on other grounds*, No. 03-40860, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord Global Oil Tools, Inc. v. Barnhill*, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997).
[28] *Udoewa*, 457 F. App'x at 393 (citing *In re Kaiser Alum. & Chem. Co.*, 214 F.3d at 593) (internal quotation omitted).
[29] *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 93-3084, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984).
[30] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting *In re Kaiser Alum.*, 214 F.3d at 593), *rev'd on other grounds*, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord Global Oil Tools*, 2013 WL 1344622, at *6; *Guzzino* , 174 F.R.D. at 63.

from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'"[31]  "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[32]

This requires a determination, based upon evidence and not mere argument, that the principal factor motivating the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice.  To carry its burden to establish work product protection, Defendant

> must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.[33]

The primary fact-finding is thus based upon evidence by an affiant with personal knowledge as to whether the principal factor motivating for the creation of the document was anticipation of

---

[31] *Guzzino*, 174 F.R.D. at 62 (quoting *El Paso Co.*, 682 F.3d at 542 (citing FED. R. CIV. P. 26(b)(3) advisory committee's note to 1970 Amendment)); *accord* 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 n.18 (3d ed. 2010); *see also Hill Tower, Inc.*, 718 F. Supp. at 565 ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citations omitted).
[32] *Global Oil Tools*, 2013 WL 1344622, at *6 (citing *Piatkowski.*, 2000 WL 1145825, at *1; *S. Scrap Mat'l Co. v. Fleming*, No. 01-2554, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003)).
[33] PAUL R. RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 11:10 at 977–80 (Lawyers Coop. 1993) (emphasis added); *see also Celanese Corp. v. Clariant Corp.*, No. 14-4165, 2015 WL 9269415, at *1 (N.D. Tex. Dec. 21, 2015) ("[T]he 'party asserting a privilege exemption from discovery . . . bears the burden of demonstrating its applicability' as to each document . . . A general allegation of privilege is insufficient to meet this burden.  Instead, the proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the Court to determine whether the privilege exists or work-product protection applies as to a specific document or communication.") (citing *Navigant Consulting*, 220 F.R.D. at 473).

litigation or preparation for trial, as opposed to ordinary business practice.[34] Without explanatory testimony by affidavit, deposition or otherwise from the person or person who prepared the documents at issue, the court cannot resolve the question of the motivating purpose behind the creation of same.[35]

"In the realm of insurance claims and litigation, the analysis of whether documents were prepared in anticipation of litigation becomes more complicated. This is primarily because insurance companies are in the business of conducting, investigating and evaluating claims against its policies."[36] To determine whether insurance documents, such as adjusting documents, are worthy of work product protection, a court must undertake a fact-specific analysis.[37] The insurer must first point the court towards the critical factor that made it anticipate litigation and secondly offer specific facts demonstrating that the critical factor caused the insurer to deal with the insured differently.[38]

### 2. <u>Movant Has Not Established Substantial Need and Undue Hardship</u>

When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work product protection, proving both substantial need for and undue hardship in obtaining materials

---

[34] *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4974886, at *3 (E.D. La. Nov. 20, 2008) ("An evidentiary showing in the context of the work product doctrine can generally be borne through affidavits.") (citing *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006)).
[35] *Id.* (citing *Roxworthy*, 457 F.3d at 597 ("[A] party may satisfy its burden showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories.")).
[36] *Kansas City S. Ry. Co. v. Nichols Constr. Co.*, No. 05-1182, 2007 WL 2127820, at *3 (E.D. La. July 25, 2007).
[37] *St. Tammany Par. Hosp. Serv. Dist. No. 1 v. Traveler's Prop. Cas. Co. of Am.*, 07-1065, 2008 WL 11355069, at *4 (E.D. La. May 29, 2008) (citations omitted).
[38] *Id.*

11

protected by the work product doctrine, or otherwise.[39] If the movant makes a particularized showing that a witness cannot recall the event in question or is unavailable, this may constitute undue hardship.[40]

Merely alleging a bad faith claim does not automatically entitle a party to "rummage through" an insurer's claims file.[41] Indeed, courts have refused to order production of an entire claims file over which opinion work product protection is asserted based on conclusory assertions that same is relevant to a bad faith claim.[42] Before ordering such discovery, the movant must show that the insurer intends to prove its counterclaims or its good faith by disclosure of the contested documents before finding a claim file relevant as a result of bad faith allegations.[43]

### E. Other Specific Objections

#### 1. Interrogatory No. 1

Defendants' objection to Interrogatory No. 1 based on overbreadth is sustained to the extent the interrogatory seeks the identity of any person authorized to make "any decision" whatsoever regarding the handling of the claim is sustained as same would encompass low-level employees making insignificant decisions rather than only those employees involved in the substantive decisions at issue in this case. The interrogatory will be limited to identifying any person who made, or was authorized to make, the decision to deny any portion of Plaintiff's claim.

---

[39] FED. R. CIV. P. 26(b)(3); *Hodges*, 768 F.2d at 721; *In re Int'l Sys. & Controls Corp. Secs. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)); *In re Blessey Enters., Inc.*, 2009 WL 5915367 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (M.D. La. Feb. 19, 2010).
[40] *In re Int'l Sys.*, 693 F.2d at 1240 (citation omitted).
[41] *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) (citation omitted).
[42] *Stone v. Amador*, No. 20-16, 2020 WL 6292819, at *7 (M.D. La. Oct. 27, 2020) (citing *Miller v. Favre*, No. 11-615, 2012 WL 6212793, at *2 (M.D. La. Oct. 22, 2012), *aff'd*, 2012 WL 6475612 (M.D. La. Dec. 13, 2012)).
[43] *See Progressive Paloverde Ins. Co. v. Est. of Jenkins*, No. 19-12840, 2020 WL 7318080, at *5 (E.D. La. Dec. 11, 2020).

### 2. Interrogatory No. 2

Defendants have objected to reserve information based on relevance. The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[44] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[45] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[46] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[47]

If relevance is in doubt, the court should be permissive in allowing discovery.[48] Although courts are divided on the relevance of reserves information in first-party cases alleging bad faith,[49] the majority of courts have determined that such information is relevant for discovery purposes.[50] The objection to Interrogatory No. 2 based on relevance is thus overruled. Of course, whether reserve information admissible is a separate inquiry from whether it is discoverable.

Defendant also objects on the basis of confidentiality, privilege and work product. The confidentiality objection is overruled as the court has already entered a protective order that adequately addresses confidentiality concerns. To the extent reserve information may be protected

---

[44] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[45] *Id.* at 590 n.5 (citation omitted).
[46] *Id.* at 590 (citations omitted).
[47] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[48] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[49] *eQHealth AdviseWell, Inc. v. Homeland Ins. Co. of New York*, No. 22-50, 2022 WL 16827610, at *2 (M.D. La. Oct. 18, 2022) (noting split of authority and citing *Pain Clinic, Inc., v. Bankers Ins. Co.*, No. 06-4572, 2007 WL 9780346, at *3 (E.D. La. Mar. 19, 2007) and *Culbertson v. Shelter Mut. Ins. Co.,* No. 97-1609, 1998 WL 743592, at *1 (E.D. La. Oct. 21, 1998)).
[50] *See, e.g., Meador v. Starr Indem. & Liab. Co.*, No. 19-2378, 2020 WL 8256370, at *3 (E.D. La. Sept. 1, 2020) (Douglas, M.J.) (citations omitted).

from discovery by privilege or work product, however, that would be a valid basis for withholding the documents from production.[51] Of course, any privilege would need to be specifically invoked with the withheld information properly specified on a privilege log. A general objection based on privilege is patently insufficient.

Further, Defendants' response is ambiguous when, following the objections, Defendants state: "Without waiving this objection, . . . ." Courts have repeatedly recognized that use of a qualifier that a response is "subject to, and without waiving, the foregoing objections" is improper[52] and serves no purpose other than to obfuscate and confuse both the parties and the court concerning whether a complete response has in fact been made.[53]

Defendants must supplement their response to clearly indicate whether or not they have identified all damage reserves and changes to same from August 29, 2021 through March 22, 2023. If Defendants object to providing such information on the basis of privilege or work product, the objection must be stated with specificity as outlined above and properly logged on a privilege log.

### 3. Requests for Production

In responses to Requests for Production Nos. 1, 2 and 3, Defendants object based on confidentiality, attorney-client and work product and refer to a privilege log. The confidentiality objection is overruled in light of the previously entered protective order. The privilege and work product objections must be specifically invoked, be sufficiently identified on a privilege log and for work product, supported with evidence as set forth above. Further, the responses must make

---

[51] *Id*. at **3-5.
[52] "Responding to interrogatories and document requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis in the Federal Rules of Civil Procedure." *Hitchcock v. Steak N Shake, Inc.*, No. 16-922, 2017 WL 11037126, at *4 (W.D. Tex. May 25, 2017) (citing *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, No 15-4108, 2017 WL 896897, at *9 (N.D. Tex. March 7, 2017)).
[53] *Schooler v. Wal-Mart Stores, Inc.*, No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015).

clear that Defendants have produced (or logged) all responsive documents within their actual or constructive possession, custody or control.

Defendants' objections that Requests for Production Nos. 5, 6, and 7 are "vague, overly broad, and ambiguous" are overruled for lack of specificity. To properly object, the party must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[54] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[55] Further, when a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection."[56] Objections interposed without also indicating whether any document or information is being withheld are improper.[57]

Defendants object to Requests for Production Nos. 8 and 9 as well as Requests for Production Nos. 5, 6, and 7 on the basis of confidentiality, attorney-client and work product and refer to a privilege log. The confidentiality objection is overruled in light of the previously entered protective order. The privilege and work product objections must be specifically invoked, be sufficiently identified on a privilege log and for work product, supported with evidence as set forth

---

[54] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).
[55] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[56] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[57] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

above. Further, the responses must make clear that Defendants have produced (or logged) all responsive documents within their actual or constructive possession, custody or control.

### III. CONCLUSION

Defendants must deliver supplemental responses that provide full and complete answers to the Interrogatories and Requests for Production. If any information or documents are withheld based on privilege, Defendants must provide a detailed privilege log identifying any withheld document or information. Defendants must also file a supplemental memorandum with supporting evidence necessary to establish that work product protects any document or information withheld on that basis. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendants deliver to Plaintiff supplemental responses as set forth herein within 14 days and, as the parties resisting discovery, file a supplemental opposition memorandum establishing the protection due each document (or common grouping of documents), attaching all evidence to satisfy its burden of proof no later than October 4, 2023;

IT IS FURTHER ORDERED that Plaintiff must submit rebuttal evidence, if any, and evidence necessary to sustain its burden, together with counsel's memorandum addressing any new arguments raised in Defendants' Supplemental Memorandum, no later than October 10, 2023;

IT IS FURTHER ORDERED that the Clerk note a new submission date of October 18, 2023 for Plaintiff's motion to compel. Thereafter, the matter will be taken under advisement.

New Orleans, Louisiana, this __14th__ day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE