UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CIVIC CENTER SITE DEVELOPMENT, L.L.C., D/B/A HOLIDAY INN DOWNTOWN SUPERDOME** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1071** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (CONSORTIUM #926) ET AL.** | **SECTION "B"(2)** |

**ORDER**

Before the Court are plaintiff's[1] motion for partial summary judgment to confirm arbitration award (Rec. Doc. 10), defendants'[2] opposition (Rec. Doc. 25), plaintiff's reply (Rec. Doc. 30), plaintiff's supplemental briefing (Rec. Docs. 37, 43, 46, and 55), and defendants' supplemental briefing (Rec. Docs. 42 and 51). Having considered the motion, the record, and the applicable law,

**IT IS ORDERED** that plaintiff's motion for partial summary judgment to confirm the arbitration award (Rec. Doc. 10) is **GRANTED. The Court confirms only the uncontested and finalized arbitration award for the reasons provided below.** *See* Rec. Doc. 10-4.

**IT IS FURTHER ORDERED** that oral argument will be held in open court on **Wednesday, January 31, 2024 at 9:00 AM** before the undersigned on the remaining issues between the parties.

**I. FACTS & PROCEDURAL HISTORY**

This dispute arises from Hurricane Ida damage inflicted upon plaintiff's hotel. Rec. Doc. 9 at 7–8 (first amended complaint). On July 1, 2022, after defendants investigated and concluded

---

[1] Civic Center Site Development, L.L.C., d/b/a Holiday Inn Downtown Superdome.

[2] Certain Underwriters at Lloyd's, London (Consortium #9226), Independent Specialty Insurance Company, and Interstate Fire & Casualty Company.

1

plaintiff's claim fell below the insurance policy's deductible, plaintiff filed suit asserting breach of contract claims against defendants. *Id.* at 16. Defendants then filed a motion to compel arbitration, and parties subsequently agreed to submit plaintiff's claims to arbitration pursuant to the terms of the insurance contract. *Id.* at 17.[3]

The dispute proceeded to arbitration before the Mediation Arbitration Professional Systems ("MAPS"), which concluded plaintiff was entitled to a "Total Award" of $11,398,651.15. Rec. Doc. 10-3 at 2–3; *see also* Rec. Doc. 10-4 at 22.[4] Afterwards, defendants paid the above-noted Total Award "by check dated April 7, 2023, which cleared Plaintiff's bank account on April 14, 2023." Rec. Doc. 10-1 at 2. This post-arbitration payment, however, was initially rejected by plaintiff. Rec. Doc. 9 at 28. On their first attempted payment, defendants included the words "Full Settlement" written on the check. *Id*. Due to the statement, plaintiff rejected the payment, and defendants subsequently made payment without reference to a settlement. *Id*.

On April 20, 2023, plaintiff Civic Center filed the instant motion for partial summary judgment to confirm arbitration award. Rec. Doc. 10.

## II.   LEGAL STANDARDS

### A.   SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[3] It appears the underlining facts of this civil matter were first filed and closed in two cases after defendant insurers filed a motion to compel arbitration: (1) *Civic Center Site Development, L.L.C. v. Certain Underwriters at Lloyd's, London, et al.*, **No. 22-2036** (E.D. La.) (Lemelle, J.) (Closed Nov. 3, 2022) and (2) *Civic Center Site Development, L.L.C. v. Certain Underwriters at Lloyds, London, et al.*, **No. 22-4169** (E.D. La.) (Lemelle, J.) (Closed Nov. 3, 2022). This matter, *Civic Center Site Development, L.L.C. v. Certain Underwriters at Lloyd's, London, et al.*, **No. 23-1071** (E.D. La.) (Lemelle, J.) was re-filed following the issuance of the finalized arbitration award.

[4] Following a week-long arbitration hearing from January 23, 2023 to January 27, 2023, the arbitrator issued an arbitration award on March 17, 2023. Rec. Doc. 10-4 at 1. The award was subsequently amended on March 20, 2023 to address mathematical errors, and again on March 22, 2023 to address typographical errors. *Id.* All parties consented in writing to both amendments. Rec. Doc. 10-1 at 1.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *see also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *McCarty* 864 F.3d at 358 (internal quotations omitted).

**B. ARBITRATION STANDARD**

"The Federal Arbitration Act provides United States district courts with jurisdiction to confirm arbitration awards if any party to the arbitration applies for an order to confirm."[5] *Warren*

---

[5] 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is

*v. Geller*, 386 F. Supp. 3d 744, 754 (E.D. La. 2019) (Brown, C.J.) (citing 9 U.S.C. § 9). Arbitration is "deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise." *Id.* (quoting *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995)). "A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 292 (5th Cir. 2008). In doing so, "[t]he federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990).

"Judicial review of arbitration awards is extremely limited. So long as the arbitrator's decision draws its essence from the . . . agreement and the arbitrator is not fashioning his own brand of industrial justice, the award cannot be set aside." *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n, AFL-CIO*, 889 F.2d 599, 602 (5th Cir. 1989) (quoting *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960)) (internal citations omitted). "To draw its essence from the contract, an arbitrator's award must have a basis that is at least rationally inferable . . . . The award must, in some logical way, be derived from the wording or purpose of the contract." *Anderman/Smith Operating Co.*, 918 F.2d at 1218 (quoting *Bhd. of R. R. Trainmen v. Cent. of Georgia Ry. Co.*, 415 F.2d 403, 412 (5th Cir. 1969)). "Where an arbitrator exceeds his contractual authority, vacation or modification of the award is an appropriate remedy." *Delta Queen Steamboat Co.*, 889 F.2d at 602 (5th Cir. 1989); *see also* 9 U.S.C. §§ 9–11.

### III. ANALYSIS

---

made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.").

First, defendants argue the instant motion for partial summary judgment is premature because under 9 U.S.C. §§ 10–12, defendants are entitled to file a motion to vacate or modify the arbitration award within three months of the issuance of the award. Rec. Doc. 25 at 4–5. Pursuant to Section 9, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within *three months* after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added). "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." *Id.*

Here, there is undisputed evidence that the finalized arbitration award, signed by arbitrator Joe Hassinger and awarding a Total Award of $11,398,651.15, was issued on March 22, 2023. Rec. Doc. 10-4 at 22. As acknowledged by both parties, proper service of notice to vacate was due on June 22, 2023. Rec. Docs. 25 at 4; 37 at 1–3. Because the jurisdictional deadline of June 22, 2023 for defendants to move to vacate the arbitration award pursuant to 9 U.S.C. § 12 has passed, and defendants have neither done so in the above-captioned matter or in any other civil action to the relevant arbitration award, defendants' first argument is moot.

Second, defendants disagree with plaintiff's assertion that they have a "right to seek interest on the principal amount" for the following reasons:

(1) It is unknown what Plaintiff refers to as the "principal amount."

(2) Nowhere in the arbitration award is there a mention of "principal amount."

(3) There is no mention in the arbitration award of pre-award or post-award interest or interest to accrue until a judgment is entered in the appropriate court.

(4) There is no basis to confirm the award because **all obligations and payments** pursuant to the arbitration award have been satisfied.

> (5) It is unnecessary for a "judgment" to be issued by the Court to **enforce** the terms of the arbitration award since all terms and conditions have been completed. There is nothing to enforce!

Rec. Doc. 25 at 4 (emphasis in the original). Moreover, defendants contend there is no legal support for plaintiff's claim that it is owed post-judgment interest from the date of the arbitration award; the award itself did not include an award of post-judgment interest. *Id.* at 5.

The Court is unpersuaded by defendants' assertion that there exists "no basis to confirm the award because all obligations and payments" have been satisfied. That is, the motion for partial summary judgment to confirm the arbitration award (Rec. Doc. 10) and remaining legal issues in the above-captioned matter are not yet moot for two reasons. First, 9 U.S.C. § 9 permits any arbitration party to apply to the Court for an order confirming the award. Such is the nature of the instant motion for partial summary judgment. Rec. Doc. 10. Second, defendants themselves noted plaintiff filed its first amended complaint on April 17, 2023 raising additional legal issues.[6] Rec. Doc. 25 at 3; *see also* Rec. Doc. 9. Hence, this litigation is not yet concluded.

Next, defendants point to Section 9's statutory prerequisite, arguing plaintiff is precluded from invoking the statute's authority. In relevant part, Section 9 provides: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to this arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. The applied-to court, in turn, "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id*. Reading the first clause of the statute closely, defendants aver: "In this case, there was no agreement between the Plaintiff and Defendant

---

[6] The first amended complaint (Rec. Doc. 9) seeks "declaratory judgment and/or judicial determination as to Plaintiff's entitlement to, and the amount(s) of bad-faith penalties, damages, attorneys' fees, and costs for which Defendant Insurers are liable, pursuant to La. Rev. Stat Ann. §§ 22:1892 and 22:1973 because of Insurers breach of contract, breach of fiduciary duty, and bad-faith violation of the aforementioned statutes." Rec. Doc. 9 at 3.

that a judgment of the court shall be entered upon the award pursuant to the arbitration." Rec. Doc. 25 at 5 (internal quotation marks omitted). Plaintiff disagrees, arguing the very payment of the arbitration award meant defendants acknowledged and ratified the binding nature of the arbitration award. Rec. Doc. 10 at 5.

Binding Fifth Circuit authority suggests parties need not provide express agreement to be bound by Section 9:

> Numerous courts have held that arbitration is binding where the rules under which the arbitration is conducted call for binding arbitration . . . Consequently, all parties are on notice that resort to [] arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise.

*McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995); *see also Warren v. Geller*, 386 F. Supp. 3d 744, 754 (E.D. La. 2019) (Brown, C.J.).

Here, the undisputed facts interpreted most favorably to defendants lean in favor of granting partial summary judgment to confirm arbitration award. In the predecessor case involving the same and/or substantially similar facts, parties, and counsel, *Civic Center Site Development, L.L.C. v. Certain Underwriters at Lloyd's London, et al.*, No. 22-2036 (E.D. La.) (Lemelle, J.), defendants' motion to compel arbitration expressly acknowledged the arbitration outcome would be final and binding on all parties to the arbitration. Defendants' Motion to Compel Arbitration at 2, *Civic Center Site Development, L.L.C. v. Certain Underwriters at Lloyd's London, et al.*, No. 22-2036 (E.D. La. Oct. 13, 2022), ECF No. 11-1 ("Defendants ask this Court to compel arbitration so that the matters in difference may be determined by binding arbitration."). Moreover, the arbitration award contains no express statement by parties opting out of a binding arbitration and/or judgment allowed by Section 9. Rec. Doc. 10-4.

Finally, defendants contend summary judgment is inappropriate because plaintiff reserves "the right to seek interest on the principal amount." Rec. Doc. 10-3 at 1–2. We disagree: The

7

instant motion for partial summary judgment narrowly requests partial summary judgment confirmation of the uncontested and finalized arbitration award, permissible under 9 U.S.C. § 9. Rec. Doc. 10. Put another way, "interest is not at issue in the instant motion." Rec. Doc. 30 at 6.

To be clear, if plaintiff's motion for partial summary judgment included such a dispositive request for interest, then that would be a genuine dispute of material fact reserved for the trier of fact, particularly since defendants aver interest was not contemplated and/or awarded in the arbitrator's final award. *See* Rec. Docs. 10-4; 25 at 4. Recall, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

Having interpreted the undisputed facts in the light most favorable to the non-moving party, the Court must grant the instant motion for partial summary judgment (Rec. Doc. 10), **only to confirm the finalized arbitration award**. The remaining factual and legal issue(s), such as whether and how much interest might be owed, may not be considered by the Court at this juncture. Finally, given the good faith efforts by all parties and counsel involved throughout arbitration, coupled with the particularized facts presented to the Court, the Court strongly encourages parties to jointly strive for the "just, speedy, and inexpensive determination" of this matter pursuant to the directive found in Federal Rule of Civil Procedure 1.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for partial summary judgment to confirm the arbitration award (Rec. Doc. 10) is **GRANTED. The Court confirms <u>only</u> the uncontested and finalized arbitration award. Supplemental briefs on remaining issues may be submitted but no later than January 15, 2024.**

New Orleans, Louisiana, this 21st day of December, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE